OPINION OF THE COURT
Arthur J. Cooperman, J.
In this potential capital case, defendants challenge the judicial assignment method in effect in Queens County. Under *309 that system, all potential capital cases are assigned, in alphabetical order, to one of the Justices specially designated by the Administrative Judge.
These defendants now move for an order reassigning this case, in accordance with a "method of random selection” pursuant to 22 NYCRR 200.11 (c), or, in the alternative, for a hearing with respect to the manner in which the Administrative Judge made his designations.*
Defendant Bell is charged with murder in the first degree, for which the maximum sentence is death. Defendants Bolt, Johnson and Bigweh are each charged with murder in the second degree.
All of the charges arise out of the same criminal transaction, a double homicide-robbery that occurred on December 21, 1996.
The People oppose the motions.
Defendant Bell contends, among other things, that under the Eighth Amendment to the United States Constitution, articles I and VI of the New York State Constitution, and the New York death penalty legislation (CPL 400.27; Penal Law § 125.27; Judiciary Law § 35-b), a heightened standard of due process applies to all phases of a capital case including the current method of selecting Judges to hear these cases. He further argues that the present selection method creates an unacceptable appearance, and actual risk, of judicial partiality and "Judge-shopping” by the People. He also claims that this assignment system violates 22 NYCRR 200.11 (c), article VI, § 28, and article I, §§ 2, 5, 6, 11 and 12 of the New York State Constitution, and the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.
Defendants Bolt, Johnson and Bigweh join in defendant Bell’s motion and further contend that since they are charged with murder in the second degree, and not murder in the first degree, they are prejudiced by being assigned to a capital case Trial Judge.
The People assert that heightened standards of due process do not apply to the judicial selection procedure in capital cases. They further claim that, pursuant to 22 NYCRR 200.11 (a), the Chief Administrator of the Courts and the Queens County *310 Administrative Judge have exercised their respective discretionary powers to establish a specialized procedure of judicial assignment in capital cases in an appropriate manner. Additionally, the People allege that the judicial assignment format for capital cases does not prejudice other defendants joined in the same indictment.
The applicable provision of the Uniform Rules for Trial Courts (22 NYCRR 200.11) provides for the assignment of criminal actions, as follows: "(a) General. Except as the Chief Administrator of the Courts may otherwise provide, all criminal actions in Supreme Court and in County Court shall be heard and disposed of in accordance with an individual assignment system.”
In an affidavit submitted by the People in opposition to defendant Bell’s motion, Honorable Jonathan Lippman, Chief Administrative Judge of the Unified Court System, explains that it has been the long-standing practice of his office to remove criminal actions from the random assignment/ individual assignment system pursuant to 22 NYCRR 200.11 (a) when the nature of the litigation so required.
He further discusses the history of the current judicial selection system for capital cases, as follows: In September 1995, the former Chief Administrative Judge of the Courts, Honorable E. Leo Milonas, after meeting with the Administrative Board of the Courts and under the authority vested in him by 22 NYCRR 200.11 (a), directed the District Administrative Judges to designate a limited group of Judges within each county to handle capital cases. These Justices were to have extensive experience in handling lengthy and complex criminal proceedings due to the extraordinary complexity and unique proceedings in capital cases.
He states that Justice Lerner, the Administrative Judge, Eleventh Judicial District, duly acted pursuant to Justice Milonas’ direction when he designated six Justices to handle such cases.
Defendants have failed to show that this selection process, which assures that all potential capital cases are randomly assigned, permits prosecutorial Judge-picking or an excess of discretionary power.
Further, their argument that a selection process consisting of six Justices is inherently prejudicial to potential capital case defendants is also without merit. It is the randomness of the method of selection rather than the number of Justices assigned to capital cases that is determinative.
*311 There is no authority for the concept that heightened due process applies to the judicial selection process. However, even if there was, such higher standard of due process would be satisfied by the alphabetical judicial selection system utilized in Queens County.
Defendant Bell has no factual or legal basis to claim that the alphabetical random judicial selection process has been selectively enforced. It is undisputed that the three potential capital cases in Queens County up to the present time have been duly assigned in alphabetical order.
Defendants Bolt, Johnson and Bigweh have not demonstrated how their joinder in the same indictment with codefendant Bell prejudices their rights to a fair trial. Since the offenses with which these defendants are charged arise out of the same criminal transaction there is no legal reason not to assign this case according to the random judicial selection process for capital cases (CPL 200.40).
The branch of defendants’ motions seeking an evidentiary hearing inquiring into the details of the Administrative Judge’s legitimate exercise of judicial discretion is without merit.
Accordingly, the motions are denied.

 Defendant Johnson communicated his desire to join in the then pending Bell and Bolt motions by means of a letter, which is not the appropriate method for addressing such matters. But, in the interest of judicial economy the court will consider his application, particularly since the People have responded to it.